UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TAYLOR R.S.,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security<br><br>    Defendant. | Case No. 1:21-cv-00508-AKB-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES** |

Before the Court is the parties' Stipulation for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Dkt. 28). Plaintiff requests an award of attorney fees and expenses in the total amount of $7,477.10. (*Id.*). The parties negotiated the request and have stipulated to this amount. (*Id.*). As explained, the Court will award Plaintiff attorney fees and expenses.

### I. BACKGROUND

In September 2019, Plaintiff filed an application for disability, disability insurance benefits, and supplemental social security income. (Dkt. 25 at p. 1). Plaintiff's application was denied, and after exhausting her administrative remedies, Plaintiff timely sought the Court's review. (*Id.*). On September 6, 2023, the Court granted Plaintiff's Petition for Review and remanded the action under sentence four of 42 U.S.C. § 405(g). (*Id.* at p. 2).

Plaintiff now seeks attorney fees and costs pursuant to the EAJA. (Dkt. 28). Specifically, Plaintiff requests attorney fees and expenses in the amount of $7,477.10, which is an amount the Government has stipulated to. (*Id.* at p. 1). The parties indicate the requested amount is the result of "good faith negotiations." (*Id.*)

**MEMORANDUM DECISION AND ORDER– PAGE 1**

## II.  LEGAL STANDARD

The EAJA provides for an award of attorney fees to private litigants who prevail in civil actions (other than tort) against the United States and timely file a petition for fees.  28 U.S.C. § 2412(d)(2)(A).  Individuals successfully challenging a final decision of the Commissioner denying Social Security disability benefits are among those eligible for such awards.  *Sullivan v. Hudson*, 490 U.S. 877 (1989).  Under the EAJA, the Court must award attorney fees to the prevailing party unless it finds the Government's position was "substantially justified" or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  The Government bears the burden of showing it should not be required to pay fees under this standard.  *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017) ("The government has the burden of showing that its position was substantially justified.")

The EAJA provides for an award of "reasonable" attorney fees.  28 U.S.C. § 2412(d)(2)(A).  The Court applies the principles set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), to determine what constitutes a reasonable fee award under the EAJA.  *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).  The prevailing party bears the burden to prove the fee amount requested is reasonable and must submit documentation in support of the fee request.  28 U.S.C. § 2412(d)(1)(B); *Hensley*, 461 U.S. at 437.  To determine the amount of a reasonable fee, courts generally take "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id.* at 433.  The Court may reduce a fee award if the applicant has provided inadequate documentation of the fees requested or claims hours that are "excessive, redundant, or otherwise unnecessary."  *Id.* at 434.  The Court may also consider other factors to adjust the fee upwards or downwards, "including the important factor of the results obtained."  *Id.*

**MEMORANDUM DECISION AND ORDER– PAGE 2**

## III. DISCUSSION

Here, the Court reversed the Commissioner of Social Security's Decision and remanded the action for further proceedings. (Dkt. 25). Accordingly, having obtained a sentence-four remand, Plaintiff is the prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Likewise, the Government stipulated to Plaintiff being awarded attorney fees and, therefore, has conceded any argument that its position was substantially justified. *See Gardner*, 856 F.3d at 656. Plaintiff is entitled to attorney fees under 28 U.S.C. § 2412(d)(1)(A).

The Court next determines whether the requested fees are reasonable. When a court approves attorney fees under the EAJA, the hourly rate awarded must be based on prevailing market rates, not to exceed a maximum rate of $125 per hour, unless the court finds a higher rate is justified by increases in the cost of living or by a special factor such as "the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit, however, publishes guidelines adjusting the EAJA fees for cost-of-living increases.[1]

Here, the hours and hourly rates requested are 2.1 hours at $217.54 per hour for attorney time in 2021, 4.6 hours at $234.95 per hour for attorney time in 2022, 25 hours at $242.78 per hour for attorney time in 2023, and 4.2 hours at $100.00 per hour for paralegal time. (Dkt. 30-1 at p. 2). Based on these hours and rates, Plaintiff's total attorney and paralegal fees equal $8,027.10. (*Id.*). As noted, however, the parties negotiated the amount and have stipulated to a reduced award amount of $7,477.10. (Dkt. 28 at p. 1). On review, the Court finds the hourly rates for attorney time in 2021, 2022, and 2023 are in line with the maximum rates permitted by the Ninth Circuit. The hourly rate for paralegal hours, as used by Plaintiff, reflects prevailing market rates. *See*

---

[1] U.S. Cts. for the Ninth Circ., Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.

**MEMORANDUM DECISION AND ORDER– PAGE 3**

*Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008).  Moreover, the total hours expended are within the norm for this type of case.  *See Costa*, 690 F.3d at 1136 (noting twenty to forty hours is the norm for hours expended in social security cases).  Finally, considering the amount to which the parties stipulated, as compared to the total amount reflected on Plaintiff's itemized statement, Plaintiff's counsel does not appear to seek an award of uncollectible items, such as duplicative tasks or administrative tasks not ordinarily billed to clients.  Accordingly, the Court will award attorney fees and paralegal fees in the requested amount of $7,477.10.

## IV.  ORDER

**IT IS HEREBY ORDERED**:

1. Plaintiff is awarded EAJA attorney fees and paralegal fees in the amount of $7,477.10 pursuant to 28 U.S.C. § 2412(d).  This award is subject to offset under the Treasury Offset Program pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

2. If Plaintiff has no debt qualifying for offset under the Treasury Offset Program, and if Plaintiff has executed an EAJA assignment to her attorney, the entire award is to be made payable directly to Plaintiff's attorney, Michelle R. Finch.

DATED: October 17, 2023

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER– PAGE 4**